UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| MILDRED LOUISE KIKER, | Civil No. 12-2593 (JRT/BRT) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| MENTOR CORPORATION and MENTOR WORLDWIDE LLC, | |
| Defendants. | |

Daniel J. Thornburgh, Douglass A. Kreis, **AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC**, 17 East Main Street, Suite 200, Pensacola, FL 32502, Yvonne M. Flaherty, Devona L. Wells, **LOCKRIDGE GRINDAL NAUEN PLLP,** 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401-2179 for plaintiff.

Jan. R. McLean Bernier and Tracy J. Van Steenburgh, **NILAN JOHNSON LEWIS, PA**, 120 South Sixth Street, Suite 400, Minneapolis, MN 55402, for Defendants Mentor Corporation and Mentor Worldwide LLC.

John Q. Lewis, Dustin B. Rawlin, and Sarah L. Bunche, **TUCKER ELLIS LLP**, 950 Main Avenue, Suite 1100, Cleveland, OH 44113, for Defendant Mentor Worldwide LLC.

This medical products liability case was removed to this District Court in 2012, and then transferred by the Judicial Panel on Multi-District Litigation to a district judge for consolidated pre-trial proceedings.  (In re: Mentor Corp. OBTape Transobturator Sling Products Liability Litigation MDL No. 2004 Notice of Removal, Oct. 11, 2012, Docket No. 1; Conditional Transfer Order, Oct. 31, 2012, Docket No. 4.)  After much of

the pretrial proceedings were dealt with, this case and sixteen other similar cases were remanded back to the District of Minnesota. (Conditional Remand Order, Jan. 4, 2016, Docket No. 5; *see also* Case Nos. 12-2594, 12-2598, 12-3074, 13-21, 13-774, 13-1545, 13-1787, 13-1790, 13-1827, 13-1925, 13-1997, 13-2292, 13-2396, 13-2825, 14-330, 14-2860.) Plaintiffs, including Plaintiff Mildred Louise Kiker, have requested that the cases be consolidated.

Rule 42 permits the Court to "consolidate" cases if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a); *see Enter. Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994) (discussing the rule). There are a number of reasons why consolidating these cases would serve the principles of efficiency and judicial economy. First, the Court notes that Defendants have agreed to have one of the District's magistrate judges preside over a settlement conference for all of the cases pending before the Court, suggesting that while there may be differences between the various plaintiffs' claims, those differences must not be too great. Second, the plaintiffs have represented to the Court that in a hypothetical trial, they would call some of the same witnesses in each of their respective cases. If the cases were consolidated, those witnesses would testify only once, rather than, say, eight times. And third, as the parties know, much of the work the Court does is on the papers, rather than at trial, and should the parties file summary judgment motions in this case, it would save the Court time – on the whole – to decide those motions in one case rather than eight.

Defendants argue against consolidation, however, because of their dispute with the plaintiffs about what the common issues are in these cases. The plaintiffs argue the major

issues presented in the cases involve Defendants' actions and the ObTape's alleged defects, and since those factual disputes are the same for every case, the main issues in each case are the same. Defendants, on the other hand, argue the major issues are plaintiff-specific: medical history, injuries, physicians utilized, and so on. At this point, the Court does not have enough information before it to weigh in on which disputes of fact are truly central to the case. On balance, the Court finds that partial consolidation at this time will serve the interests of the Court and the parties.

Thus, the Court will grant the motion to consolidate these cases only for two purposes. First, the Court will consolidate the cases on a temporary basis before Magistrate Judge Rau for settlement purposes. And second, the Court will consolidate the cases before District Judge Nelson and Magistrate Judge Rau solely for the purpose of deciding any motions to amend the complaints to add claims for punitive damages. The district judges and magistrate judges currently assigned to all of the cases, which currently number 17, will retain jurisdiction for all other matters.

The Court will consider whether further consolidation is warranted in these cases at a later time.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Mildred Louise Kiker's Motion to Consolidate Cases [Docket No. 22] is **GRANTED IN PART**.

2. Case Nos. 12-2593, 12-2594, 12-2598, 12-3074, 13-21, 13-774, 13-1545, 13-1787, 13-1790, 13-1827, 13-1925, 13-1997, 13-2292, 13-2396, 13-2825, 14-330, and 14-2860 are **CONSOLIDATED** before Judge Rau for settlement purposes and before Judge Nelson and Judge Rau for consideration of any motions to amend the pleadings to assert a claim for punitive damages.

DATED: January 6, 2017  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court